UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANNA KENT,

    Plaintiff,

v.                                                                        Case No.: 8:25-cv-1530-KKM-LSG

J.B. THORNHILL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff Deanna Kent moves, Doc. 3, to proceed without prepaying fees or costs. The State Attorney for Polk County, Florida, charged Kent with "aggravated stalking,"[1] and the state court assigned, over Kent's objections, the defendant J.B. Thornhill as Kent's public defender on May 30, 2025. Doc. 1, at 4-5, 12, 15. Kent sues Thornhill for civil rights violations under 42 U.S.C. § 1983 and 18 U.S.C. § 1595 based on his alleged refusal to withdraw as counsel in the state court action, and Kent requests emergency injunctive and declaratory relief. Doc. 1 at 1, 5-7. Kent also sues for intentional infliction of emotional distress for Thornhill's "repeated threats, refusal to withdraw, and calculated silence in the face of known

---

[1] *State v. Kent*, No. 53-2025-MM-1775-A000-BA (Fla. Polk Cnty. Ct.). The court may take judicial notice of Kent's state court case. *See Mathieson v. Wells Fargo Bank, NA*, No. 8:20-cv-2728-WFJ-SPF, 2021 WL 877698, at *5 n.10 (M.D. Fla. Mar. 9, 2021) (taking judicial notice of the electronic state court docket entries) (citing *Ates v. Fla.*, 794 F. App'x 929, 930 (11th Cir. 2020) (affirming district court's taking judicial notice of electronic state court docket entries)).

harm[,]" and requests damages for the "emotional and legal harm already caused." Doc. 1 at 6-7.

A litigant can sue in federal court without prepaying the filing fee if the person submits an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). After reviewing the affidavit to determine the economic status of the litigant, the court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege facts supporting an entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, the court may dismiss the complaint before service of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although *pro se* pleadings receive a liberal construction, a *pro se* plaintiff must nonetheless satisfy the pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Kent's motion to proceed *in forma pauperis* is deficient because it includes no affidavit of indigency and seeks to incorporate her affidavit from another case. Doc. 3 at 1; *Kent v. Jernigan, et al.*, No. 8:25-cv-663-SDM-AEP, Doc. 2 (M.D. Fla. Mar. 18, 2025) (containing Kent's emergency motion to proceed *in forma pauperis* in her previous lawsuit); Local Rule 3.01(f) ("A motion . . . may not incorporate by reference all or part of any other motion, legal memorandum, or brief."). Section 1915(a)(1) requires Kent to file a separate affidavit in this action that "state[s] the nature of the action . . . and [her] belief that [she] is entitled to redress." 28 U.S.C. § 1915(a)(1).

Even if Kent corrected her motion, Kent's complaint is frivolous and fails to state a claim for relief. Kent sues her court-appointed public defender for violating her civil rights based on his failing to withdraw was her court-appointed counsel. As the attachments to her complaint show, Thornhill explained to Kent that he could not withdraw until she appeared in court and either received new court-appointed counsel or participated in a *Faretta* in hearing.[2] Doc. 1 at 32-33. Shortly after Kent sued Thornhill in this action, Thornhill moved to withdraw as Kent's public defender due to a conflict of interest, and an August 1, 2025, order grants Thornhill's request. Thus, Thornhill no longer represents Kent in her state court action and her alleged civil right claims are moot.

---

[2] *Faretta v. State*, 422 U.S. 806 (1975) (holding that self-representation requires the accused to knowingly and intentionally relinquish the benefits associated with the right to counsel).

This is one of three related actions filed by Kent in the Middle District of Florida seeking relief from her state court criminal prosecution.[3] Yet, as Kent has been instructed in her related habeas corpus action, "this Court abstains from interfering in [a] pending state criminal case." *Kent*, No. 8:25-cv-1736-MSS-LSG, Doc. 5 at 3 (citing *Beecher v. Baxley*, 549 F.2d 974, 976 (5th Cir. 1977)[4]; *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). Further, because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," Kent's Section 1983 claims against her former public defender are meritless. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021) ("The requirement that the deprivation be made 'under color of state law' means that the deprivation must be made by a state actor.").

Kent's intentional infliction of emotional distress claim is also without merit. As a precondition to suing a state employee, the Florida Tort Claims Act, Section 768.28, Florida Statutes, requires a plaintiff to first provide notice of intent to file a claim. *See Johnson v. Gibson*, 837 So. 2d 481, 483 (Fla. 5th DCA 2002). Here, the complaint nowhere alleges that Kent satisfied this precondition to suing Thornhill.

---

[3] Kent filed two related suits in the Middle District of Florida that have been dismissed, including a civil RICO conspiracy case, *Kent v. Jernigan, et al.*, No. 8:25-cv-663-SDM-AEP, Doc. 8 (M.D. Fla. Apr. 2, 2025); and a petition for writ of habeas corpus, *Kent v. The State of Florida*, No. 8:25-cv-1736-MSS-LSG, Doc. 5 (M.D. Fla. July 7, 2025).

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent decisions of the former Fifth Circuit Court of Appeals decided on or before September 30, 1981).

Even if the plaintiff provided Thornhill with notice, the complaint fails to state a claim for intentional infliction of emotion distress. Under Florida law, a claim for intentional infliction of emotional distress requires that

> (1)[t]he wrongdoer's conduct was intentional or reckless, that is he intended his behavior knowing, or he should have known, that emotional distress would likely result; (2) the conduct was outrageous, that is it goes beyond all bounds of decency and is regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotion[al] distress; and (4) the emotional distress was severe.

*Williams v. City of Daytona Beach*, No. 604CV1879ORL19KRS, 2005 WL 1421293, at *7 (M.D. Fla. June 16, 2005) (citing *Clemente v. Horne*, 707 So. 2d 865, 868 (Fla. 3rd DCA 1998)). Even if a defendant "has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress," the defendant's conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* at *7 n.5 (quoting *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985), and Section 46, Restatement (Second) of Torts (1965)). "[W]hether allegations rise to the required level of outrageous conduct is a question of law, not of fact, and is determined by the Court." *Id.* at *7 (citing *Ponton v. Scarfon*, 468 So. 2d 1009, 1011 (Fla. 2nd DCA 1985).

Here, the complaint fails to allege facts demonstrating that Thornhill's conduct was outrageous and caused Kent to suffer severe emotional distress. Nor can Thornhill satisfy such requirements. The record of Kent's state court felony proceedings, as well as Kent's two related federal court actions filed in the Middle

District of Florida, show that Thornhill's appointment and representation was within the color of the law and was not "outrageous" conduct.

Accordingly, because Kent's complaint is frivolous and fails to state a claim for relief, I recommend (1) denying the motion to proceed *in forma pauperis*, Doc. 3, and (2) dismissing her *pro se* complaint, Doc. 1, without leave to amend.

**REPORTED** on this 5th day of November, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.